# EXHIBIT F

| DISTRICT COURT<br>CITY & COUNTY OF DENVER, COLORADO<br><br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: October 31, 2023 4:33 PM<br>CASE NUMBER: 2020CV33621 |
|---|---|
| **Plaintiff: JEFFREY LITTLE**, individually and on behalf of all similarly situated persons<br><br>v.<br><br>**Defendant: WENDY'S INTERNATIONAL, LLC** | ▲ COURT USE ONLY ▲ |
| | Case Number: 2020CV33621<br><br>Courtroom: 269 |
| **ORDER ON MOTION FOR CLASS CERTIFICATION** | |

This matter is before the Court on Plaintiff's motion for class certification. The Court received Defendant's Response, Plaintiff's Reply, Defendant's Sur-Reply, Plaintiff's Response to the Sur-Reply, exhibits, supplemental authorities, and additional briefing from the parties relating to the supplemental authorities.[1] The Court finds and orders as follows:

## I.      Procedural History

Plaintiff Jeffrey Little is a former employee of Defendant Wendy's International, LLC. Defendant owns and operates approximately forty Wendy's restaurants in Colorado. Plaintiff worked as an hourly employee at various Wendy's locations owned and operated by Defendant from around May 2018 through

---

[1] Defendant requested oral argument. Given the extensive briefing and evidence submitted by the parties, the Court does not find that oral argument would materially assist the Court in determining this issue. Defendant's request for oral argument is therefore denied.

September 2020. Plaintiff brings this Complaint on behalf of himself and other hourly food-service workers who are or have been employed by Defendant.

Plaintiff brings claims under the Colorado Wage Claim Act, § 8-4-101, *et seq.*, C.R.S., and the Colorado Minimum Wage Act, § 8-6-101, *et seq.*, C.R.S. Additionally, Plaintiff alleges civil theft under § 18-4-405, C.R.S. Plaintiff's Complaint alleges that Defendant failed to provide employees with rest breaks and that when breaks were missed, Defendant owed each employee an additional ten minutes of wages.[2]

Class certification proceedings were stayed pending appellate resolution of cases that raised similar issues pertaining to class certification.

## II.    Evidence Presented on Motion for Class Certification

It is undisputed that Wendy's has a company-wide policy of providing 10-minute rest breaks. Wendy's reinforces this policy with training for managers, provisions in its handbooks, posters in break rooms, and avenues for employees to make complaints, including an anonymous hotline.

Wendy's does not compensate employees if they miss rest breaks.

Little provided sworn testimony that he did not receive rest breaks but did not know if other employees did not receive breaks. Another employee, Antonio Trevino, testified that he did not receive breaks from all managers, but others did. Lacie Helm, another employee, testified that she received breaks during the first day or two of work

---

[2] Plaintiff originally brought this action to recover wages for missed meal breaks and missed rest breaks. However, as stated in Plaintiff's Motion for Class Certification, Plaintiff and potential class members now only seek to recover wages for missed rest breaks.

but did not receive any breaks after that.

It is undisputed that Wendy's policy is that rest breaks are not recorded on the employee timecard. The employee timekeeping software program used by Wendy's has the capability to record breaks.

The evidence submitted by the parties demonstrates a variety of employee practices in following Wendy's policy of not recording rest breaks. Little testified that he clocked in and out for breaks. Helm testified that she clocked in and out for paid breaks. Plaintiff provided some online surveys of employees in which they said that they clocked in and out for rest breaks.

The affidavits provided by Wendy's likewise revealed a wide range of practices: one manager said that he liked employees to register their breaks. Def. Exh. I. Some employee affidavits stated that employees usually clock in and out for breaks. Def. Exhs. N, P, Q. Another said the employee often clocks in and out for breaks. Def. Exh. O. Another said she might use the timekeeping system, but that it is not always practical to do so, and that she sometimes does not use it. Def. Exh. T. Sometimes a manager will adjust her timecard to reflect that a break was taken. *Id.* Another said that she sometimes uses a thumb scanner for rest breaks and sometimes does not because it is not practical and that no one else worries about using the thumb scanner for rest breaks. Def. Exh. U. Another said she likes to scan out when possible. Def. Exh. V.

Employee timecards and paystubs also showed variations. Employee timecards showed paid breaks clocked during some pay periods, but not others.

Employee paystubs also showed some limited payments for paid breaks. Little's timekeeping and payroll records show that on a minority, but not insignificant, number of days worked, he recorded "PBK" for paid break and that he received pay for those breaks. Timekeeping records for Trevino and Helm show that although they claim to have never received paid breaks, they clocked in and out for breaks on multiple occasions.

### III.    Proposed Class

Plaintiff proposes the following class definition:

ALL CURRENT AND FORMER NON-EXEMPT EMPLOYEES WHO WORKED FOR DEFENDANT IN COLORADO FROM OCTOBER 25, 2014 TO THE PRESENT.

Defendant opposes class certification in its entirety and additionally opposes the six-year time period proposed by Plaintiff.

### IV.    Legal Standards

#### A.  Class actions

Class actions serve an important function in our system of justice. *Jackson v. Unocal Corp.,* 262 P.3d 874, 880 (Colo. 2011). Accordingly, Colorado courts liberally construe Colorado Rule of Civil Procedure 23 to support a policy favoring maintenance of class actions. *Farmers Ins. Exch. v. Benzing*, 206 P.3d 812, 818 (Colo. 2009); *Hicks v. Colo. Hamburger Co.*, 2022 COA 149, ¶ 17; *LaBerenz v. Am. Fam. Mut. Ins. Co.*, 181 P.3d 328, 333 (Colo. App. 2007).

Colorado courts view class actions as a case management tool. *See Jackson*, 262 P.3d at 885 (describing Rule 23 as a "procedural tool for consolidating claims and

4

permitting them to be tried as a class action"). Therefore, trial courts have "a great deal of discretion in determining whether to certify a class action." *Goebel v. Colo. Dep't of Insts.*, 764 P.2d 785, 794 (Colo. 1988).

A party can maintain a class action if it meets the following requirements under Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. In addition to meeting those four requirements, a party seeking damages additionally must prove that (1) "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." C.R.C.P. 23(b)(3).

A plaintiff bears the burden of proof to show that each element of Rule 23 is satisfied. *Jackson*, 262 P.3d at 881. A trial court's analysis of the Rule 23 factors must be "rigorous," and when disputes arise, the court may look beyond the pleadings to probe the evidence in support of class certification. *Id.*

### B. Wage and hour law

The Colorado Minimum Wage Act is enforced by the Colorado Department of Labor and Employment ("CDLE"). 7 C.C.R. 1103-1. The Colorado Wage Claim Act is also enforced by the CDLE. *Id.* The CDLE requires that "[e]very employer shall authorize and permit a compensated 10-minute rest period for each 4 hours of work, or

major fractions thereof, for all employees." 7 C.C.R. 1103-1:5.2. The purpose of ensuring

a rest break is that:

> When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation. Because a period requires 10 minutes of pay without work being performed, work during a rest period is additional work for which additional pay is not provided. Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages at the employee's agreed-upon or legally required (whichever is higher) rate of pay.

7 C.C.R. 1103-1:5.2.4. The CDLE also requires that "every employer shall keep at the

place of employment, or at the employer's principal place of business in Colorado, a

true and accurate record for each employee which contains . . . daily record of all hours

worked." 7 C.C.R. 1103-1:7.1. Additionally, employees "receiving less than the full

wages or other compensation owed" are entitled to recover "the unpaid balance of the

full amount owed, together with reasonable attorney fees and court costs." 7 C.C.R.

1103-1:8.1(A).

## V.    Analysis

### A. Requirements Under Rule 23(a)

#### 1. Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder is

impracticable. However, the class does not have to be so ascertainable that every

potential member can be identified at the commencement of the action. *Cook v.*

*Rockwell Int'l Corp.*, 151 F.R.D. 378, 382 (D. Colo. 1993). The numerosity

requirement is satisfied where general knowledge and common sense indicate that a

class is large. *LaBerenz*, 181 P.3d at 335-36. The plaintiffs are not required to specify

an exact class size, and the court may draw reasonable inferences from the facts before it. *Id.*

Plaintiff and Defendant both acknowledge a potential 6,000-member class covering the forty-two Wendy's restaurants in Colorado that are owned and operated by Defendant. General knowledge and common sense indicate that the class is large. Plaintiff satisfies the numerosity requirement of Rule 23(a).

### 2. Commonality

Rule 23(a)(2) requires that the plaintiff establish questions of law or fact common to the class. Commonality is established when the claims of the class representative and the class members are based upon the same legal theory. *See Disability Coal. v. Taco Bell Corp.*, 184 F.R.D. 354, 360 (D. Colo. 1999). Commonality does not require class members to come forth with identical issues. *See Joseph v. Gen. Motors Corp.*, 109 F.R.D. 635, 639-40 (D. Colo. 1986). Instead, it requires that the plaintiff and class members have claims that are based on the same legal theory or remedy. *Id.*

Plaintiff asserts that common questions of law and fact include whether Wendy's failed to compensate employees for missed rest breaks; whether Wendy's was required to track rest breaks, and whether employees may waive their right to a rest break. Defendant contests commonality because "[t]he deposition and declaration evidence in this case makes clear that due to the employees' wildly different experiences generalization across the class is entirely inappropriate." Def. Resp., p.18.

The Court analyzes commonality separately from predominance. Here, Plaintiff alleges that class members were not given 10-minute rest breaks during shifts lasting four hours or longer and they were not compensated for the missed rest breaks. These claims are brought under the Colorado Minimum Wage Act and the Colorado Wage Claim Act. Plaintiff thus asserts a common legal theory that Wendy's policy of not paying for missed breaks is contrary to law. Plaintiff also asserts a common theory that employees were not given rest breaks.[3] Plaintiff, therefore, satisfies the commonality requirement of Rule 23.

### 3. Typicality

Rule 23(a)(3) requires that the claims or defenses of the representative party are typical of the claims or defenses of the class. To establish typicality, class representatives must demonstrate that there is "a nexus between the class representatives' claims or defenses and the common questions of fact or law which unite the class." *Devora v. Strodtman*, 2012 COA 87, ¶ 29 (internal quotations omitted).

The proper inquiry is whether the claims or defenses are of the same type, i.e., whether they arise from a common course of conduct and involve similar legal analysis, theories, and claims. *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988). Typicality may be demonstrated "irrespective of varying fact patterns which underlie individual claims." *LaBerenz*, 181 P.3d at 338 (internal quotations omitted).

---

[3] Wendy's asserts that its policy is not facially illegal, but this is a question on the merits rather than a question of class certification.

8

Here, Plaintiff alleges that the same unlawful conduct was directed at all members of the class. Similar theories and claims apply to all class members, and the Court finds that the typicality requirement is satisfied.

### 4. Adequacy

Rule 23(a)(4) requires that the representative parties fairly and adequately protect the interests of the class. The purpose of this requirement is to ensure the lead plaintiff will vigorously prosecute the interests of the class through qualified counsel. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002).

Defendant contests adequacy, arguing that Little does not present any evidence that positions other than "crew" suffered any violations of law. But Plaintiff's claims do not turn on his position; rather, Plaintiff's claims turn on his status as a non-exempt employee, and therefore, he is an adequate representative of a class of non-exempt employees.

Defendant also asserts that Little is not an adequate representative because he was terminated for dishonest conduct. A trial court's class certification decision may not "prejudge the merits of the case." *Benzing*, 206 P.3d at 818. And while courts may consider the credibility of a class representative, courts typically deny certification only "where the purported representatives are so lacking in credibility that they are likely to harm their case." *Kerner v. City & Cnty. of Denver*, 11-CV-00256-MSK-KMT, 2012 WL 7802744, at *8 (D. Colo. Nov. 30, 2012) (internal quotation omitted) (finding plaintiff to be an adequate representative even when he

9

was "less than veracious regarding his work history"); *see also* 1 Newberg and Rubenstein on Class Actions § 3:68 (6th ed.) (noting that challenges based on the credibility and integrity of the named plaintiff "are rarely upheld"). Here, Little's credibility has not been called into question on an issue relating to the subject matter of the class action, and the Court does not find that the circumstances surrounding his termination should drive whether the Court finds a class action to be an appropriate case management tool for these the claims asserted.

Nothing presented in the record prevents Plaintiff from being a proper representative of the class. Plaintiff's interests are sufficiently aligned with the class he seeks to represent, and he does not have a conflicting interest with the class. Plaintiff is represented by competent and experienced counsel. As a result, Plaintiff satisfies the adequacy element.

### B. Requirements Under Rule 23(b)

#### 1. Predominance

Rule 23(b)(3) requires that questions of law or fact common to the members of the class predominate over any questions affecting only individual members. A plaintiff demonstrates predominance when he "advances a theory by which to prove or disprove an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position." *Benzing*, 206 P.3d at 820 (internal quotations omitted). Common questions predominate over individual ones when "the proof at trial will be predominantly common to the class." *Garcia v. Medved Chevrolet, Inc.*, 263 P.3d 92, 98 (Colo. 2011). The predominance requirement

necessitates "a fact-driven, pragmatic inquiry guided by the objective of judicial efficiency and the need to provide a forum for the vindication of dispersed losses." *Medina v. Conseco Annuity Assurance Co.*, 121 P.3d 345, 348 (Colo. App. 2005). Additionally, the predominance requirement "usually involves liability, not damages," and the "need for some proof of individual damages does not preclude certification under C.R.C.P. 23(b)(3)." *Buckley Powder Co. v. State*, 70 P.3d 547, 554 (Colo. App. 2002).

Parties may rely on class-wide inferences to prove a common element of their claim. *See Garcia,* 263 P.3d at 99-102. Class-wide inferences prevent redundant inquiries into the individual circumstances of each class member. *BP Am. Prod. Co. v. Patterson*, 263 P.3d 103, 111 (Colo. 2011). "[A] trial court must rigorously analyze the evidence presented to determine whether [it] supports a class-wide inference . . . ." *Garcia*, 263 P.3d at 100. Courts should not only consider whether the circumstantial evidence common to the class supports an inference, but also whether any individual evidence offered by the opposing party refutes that inference. *Id.* at 101.

The Colorado Court of Appeals in *Hicks* considered whether class certification was appropriate for claims of missed meal breaks by fast-food workers. The Court found that there was no common method to prove the claim on a class-wide basis:

> [A] missing meal break on a timesheet does not mean that Colorado Hamburger violated the COMPS Order, Rule 5.1, 7 Code Colo. Regs. 1103-1. Instead, a missing meal break could be one of two things: (1) the manager did not provide the option to eat an on-the-clock meal (and thus violated the regulation) or (2) the manager provided the opportunity to eat a meal of choice on the clock and thus comported with the regulation.

*Hicks*, 2022 COA 149, ¶ 33. Because the timesheets did not provide a method to

11

determine whether an employee missed a break, individualized inquiries were necessary to determine liability, and class certification was properly denied. *Id.* ¶¶ 34-35.

The *Hicks* court also considered class certification on a claim for missed rest breaks. Because the defendant had a policy that all rest breaks should be recorded on an employee time sheet, analysis of the time sheets provided a viable method to determine whether rest breaks were missed. *Id.* ¶ 36. The Court thus found that class certification was appropriate, reasoning that, "in contrast to meal breaks, the timesheets provide a viable class-wide means of proving liability and damages for the failure to authorize and permit rest breaks." *Id.*

Here, Plaintiff argues that the predominance prong is satisfied because Wendy's had a uniform policy of not paying for missed breaks. Plaintiff asserts that the timekeeping records, on their face, will show whether an employee missed a rest break. Defendant contests predominance, arguing that Plaintiff does not establish a viable class-wide method of proof because the company does not require breaks to be logged, and employees do not uniformly record their breaks.

While Plaintiff asserts that this is a straightforward case for certification, the Court finds that it is not straightforward. The authorities on which Plaintiff relies, such as *Hicks*, were cases in which there was a policy for employees to record breaks on their timesheets and an absence of breaks on the timesheets created an inference that breaks were missed. In contrast, Wendy's policy is that breaks need not be recorded on the time sheets.

12

However, the Court's review of the evidence shows that despite Wendy's policy, employees commonly record their breaks. Plaintiff's testimony and some other employee statements submitted by Plaintiff demonstrate that employees record their rest breaks. Employee timekeeping and payroll records also show many instances in which breaks are recorded. In addition to Plaintiff's proof, Wendy's own affidavits show that a significant number of managers and employees record rest breaks, which would permit an inference that the time sheets and payroll records are a viable method of proving that breaks were not taken and were not paid when not recorded. Thus, much of Wendy's evidence supports, rather than rebuts, Plaintiff's method of class-wide proof. To be sure, the variation in timekeeping practices raises questions about whether liability ultimately may be established with this method of proof, but the Court finds that, on balance, the variation is not so great so as to defeat the use of class certification as a case management tool altogether.

In considering the proof submitted by the parties, each side contends that the other's proof is not reliable. Plaintiff contends Wendy's employee affidavits should be given little weight. In similar cases involving employee affidavits, "reliance on these 'happy camper' affidavits was risky because plaintiffs were never given the opportunity to test the circumstances under which they were created." *Cervantes v. Wendy's of Colo. Springs, Inc.*, 22CA0795, ¶ 36 (Colo. App. Dec. 29, 2022) (unpub'd). Wendy's similarly asserts that Plaintiff's online surveys are not reliable and should not be considered. The Court considers each side's evidence for the same limited purpose – as supplemental evidence that employees recorded their rest breaks despite

13

Wendy's policy to the contrary. While viewing the evidence with some skepticism, the evidence nonetheless supports a finding of a predominance.

Wendy's also asserts that the timekeeping records are not a viable method of class-wide proof because they do not reflect instances in which employees voluntarily waived a rest break. Wendy's similarly argues that it is only required to authorize a rest break and that employees need not actually take a break, and as a result, the timesheets do not reflect breaks taken. Other courts have considered these arguments and found that they cannot defeat class certification. *See Hicks*, 2022 COA 149, ¶ 41 (holding that the court was not persuaded "by the argument that, because employees may have forgotten to record their break, the timesheets cannot be used to infer liability"); *see also Pacheco v. SOMIP, Inc.*, 22CA0985, ¶¶ 30-32 (Colo. App. December 29, 2022) (unpub'd).

Ultimately, the Court finds that the issue of whether Wendy's must pay employees for missed rest breaks under Colorado law is a question that is appropriate for class-wide resolution. The predominance factor is easily satisfied as to this question given Wendy's uniform and undisputed policy of not paying for breaks. Whether the predominance factor is satisfied on the question of whether employees, in fact, were not afforded rest breaks is a more difficult question for the reasons outlined here. Nonetheless, the quantum of evidence presented on class certification weighs in favor of using a class action as a case management tool. The Court is also mindful that declining to certify a class due based on Wendy's timekeeping policy would permit Defendant's lack of record keeping to potentially thwart claims by

14

employees.

As a result, the Court finds that the predominance factor is met.

### 2. Superiority

Rule 23(b)(3) also requires that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. "In considering the issue of predominance or superiority, whether a case should be certified is a fact-driven, pragmatic inquiry guided by the objective of judicial efficiency and the need to provide a forum for the vindication of dispersed losses." *Medina*, 121 P.3d at 348 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997)).

Although the trial court has broad discretion when determining whether a class action is the superior means of adjudication, "if the parties could obtain the same relief without class certification, then a class is not the superior method as required by C.R.C.P. 23(b)(3), and certification should be denied." *Buckley*, 70 P.3d at 554.

This type of case is consistent with the purpose of class actions as it will eliminate the need for repetitious and separate lawsuits and will be a fair and economical way to resolve similar claims of multiple parties. *See Hicks*, 2022 COA 149, ¶¶ 45-46. Plaintiff has satisfied the requirement of superiority.

### C. Fail-safe classes

Defendant also maintains that Plaintiff seeks to certify a fail-safe class. A fail-safe class is one that defines the proposed class as a legal conclusion. *LaBerenz*, 181 P.3d at 335. If the defendant is found liable, class membership is ascertainable, and

the litigation ends. *Id.* In cases found to have a fail-safe class, the proposed class definition used terms that required a decision on the merits before membership in the class could be ascertained. *Id.* at 336.

Plaintiff's proposed class definition is: "All current and former non-exempt employees who worked for defendant in Colorado from October 25, 2014 to the present." There is no term in this proposed definition that would require a decision on the merits in order to ascertain the class. The Court does not find that Plaintiff seeks to certify a fail-safe class.

## VI.  Conclusion

The Court hereby certifies the following class:

ALL CURRENT AND FORMER NON-EXEMPT EMPLOYEES WHO WORKED FOR DEFENDANT IN COLORADO FROM OCTOBER 25, 2014 TO THE PRESENT.

Plaintiff Jeffrey Little is appointed class representative for this class. Alexander Hood and Brian D. Gonzales are appointed as class counsel.

Class certification is conditional. If evidence is adduced that undermines the viability of the timesheets as a class-wide means of proof, the district court retains the discretion to decertify the class. *See Jackson*, 262 P.3d at 881-84.

The Court's certification of the class is not a final determination of the appropriate statute of limitations, as the parties have not sufficiently briefed the statute of limitations issue.

The parties should confer on a case management order for the remaining stages of the case, including conferring on how and when the issue of the statute of

limitations should be presented to the Court for resolution. Within 35 days of this order, the parties should submit a case management order and set the matter for trial.

The parties should confer and submit, within 21 days of this order, a joint proposed Rule 23 Notice to the class. If the parties cannot agree on joint language, the parties should submit, simultaneously and within 21 days of the date of this order, their respective proposed notices with a brief explaining the scope of their disagreement and the legal support for their respective language.

**SO ORDERED** this 31st Day of October, 2023.

**BY THE COURT**

_____
STEPHANIE L. SCOVILLE
Denver District Court Judge

17