**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-03056-MEH

JEFFREY LITTLE, individually and on behalf of all similarly situated persons,

    Plaintiff,

v.

WENDY'S INTERNATIONAL, LLC,

    Defendant.

## JOINT STATUS REPORT AND PROPOSED SCHEDULE

The Parties in this action, Defendant Wendy's International, LLC and Plaintiff Jeffrey Little, individually and on behalf of all similarly situated persons, in compliance with the Court's Minute Order issued on October 22, 2024 (ECF No. 44), hereby file the following Joint Status Report and Proposed Schedule.

1. As the Court is aware, on April 12, 2024, this Court entered an order remanding this action to the Denver County District Court, holding that Wendy's filed an untimely Notice of Removal. (ECF No. 33.)

2. Following the remand order, on April 22, 2024, Defendant filed a Petition for Permission to Appeal under 28 U.S.C. § 1453(c) with the Tenth Circuit, requesting leave to appeal this Court's remand decision. Plaintiff opposed Defendant's request.

3. On May 23, 2024, the Tenth Circuit granted Defendant's petition. 10th Cir. No. 24-703 (May 23, 2024).

4. On June 7, 2024, Defendant filed its Opening Brief with the Tenth Circuit. On June 21, 2024, Plaintiff filed his response, to which Defendant replied.

5. During the pendency of Defendant's appeal, counsel for the Parties remained in frequent contact and continued a dialogue both directly and through mediator Anne Marie Estevez, in an attempt to see if settlement could be reached. Through this dialogue, the Parties agreed to participate in another full-day mediation with mediator Estevez on July 29, 2024.[1]

6. On July 11, 2024, the Parties filed a motion to extend the Tenth Circuit's CAFA-mandated decision deadline by 30 days, through August 21, 2024, to preserve this action's posture while the Parties engaged in the upcoming mediation.[2] The Tenth Circuit's Clerk of Court, per the Tenth Circuit's direction, granted this request. 10th Cir. No. 24-1232 (July 15, 2024).

7. On July 29, 2024, the Parties participated in a second mediation with mediator Estevez. While the Parties did not reach a settlement on this date, the Parties, with mediator Estevez's assistance, continued settlement negotiations for the next two weeks, ultimately reaching an agreement in principle to resolve all claims in this action on August 12, 2024.

8. After reaching an agreement in principle, the Parties filed a second motion with the Tenth Circuit to extend the statutory decision deadline by an additional 50 days in order to give the Parties additional time to finalize the long-form settlement agreement. The Tenth Circuit's Clerk of Court, per the Tenth Circuit's direction, granted this motion on August 19, 2024, thereby

---

[1] Recall that, on December 29, 2024, this Court granted the Parties' request to stay all proceedings in this matter to accommodate the Parties' first attempt at mediation with mediator Estevez. (ECF No. 23.) As indicated in the Parties' Joint Status Report filed with the Court following that initial mediation, though the mediation was productive, the Parties were unable to reach a settlement. (ECF No. 30.)

[2] Defendant removed this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"). (ECF No. 14.) Under CAFA, if a party appeals a remand decision, as was the case here, the appellate court must render its decision within 60 days unless the parties agree to an extension. 28 U.S.C. § 1453(c)(2)-(3).

extending the time limit to render the Tenth Circuit's opinion through October 10, 2024. 10th Cir. No. 24-1232 (Aug. 19, 2024).

9. On October 10, 2024 – the last day of the extended statutory deadline – the Tenth Circuit issued its opinion affirming this Court's remand order. 10th Cir. No. 24-1232 (Oct. 10, 2024).

10. Four days later, the Parties filed a joint motion with the Tenth Circuit seeking a limited remand to this Court for the purpose of considering and issuing a preliminary and final approval of the Parties' class settlement agreement. Additionally, the Parties moved for a stay of the Tenth Circuit's mandate pending the resolution of all necessary settlement approval proceedings in this Court.

11. On October 21, 2024, the Tenth Circuit granted the Parties' motion, directing a limited remand to this Court "to conduct any and all proceedings necessary to consider whether to approve the parties' proposed settlement agreement." 10th Cir. No. 24-1232 (Oct. 21, 2024). The Tenth Circuit further ordered the Parties to file a joint status report of the proceedings in this Court on or before November 20, 2024, and every 30 days thereafter. *Id.*

12. As of the filing of this Joint Status Report, the counsel for the Parties have exchanged drafts of the long-form settlement agreement and have been working through any remaining areas of disagreement. On October 24, 2024, following a productive call regarding the long-form settlement agreement, Class Counsel sent the latest draft of the agreement to Defense Counsel. Defense Counsel has reviewed this draft and expects to provide Class Counsel with a revised version soon. Further, Defendant is in the process of gathering the necessary data it will be obligated to provide as part of an approved settlement agreement.

13. Finally, pursuant to the Court's Minute Order entered on October 22, 2024, the Parties jointly propose the following schedule for the proceedings necessary to approve the settlement agreement:

| Event | Date |
| --- | --- |
| Filing of Motion Requesting Preliminary Approval of the Settlement and Proposed Order. | On or before November 15, 2024. |
| Filing of Motion for Final Approval of the Settlement. On this same day, Plaintiff will separately file a Request for Attorneys' Fees and Costs. | Within seven days after the end of the 45-day Claims Period. |
| Final Approval Hearing | At least 90 days after the Court enters a preliminary approval order. This proposed date ensures that Defendant can comply with its obligations to provide notice of the proposed settlement to the appropriate federal and state officials, as required under 28 U.S.C. § 1715. |

14. As reflected in the table above, the Parties anticipate that they will be able to submit their signed, long-form settlement agreement, as well as Plaintiff's unopposed motion for preliminary approval and proposed order by no later than November 15, 2024.

Respectfully submitted this October 28, 2024.

| | |
|---|---|
| /s/ *Alexander Hood* | /s/ *Jill S. Kirila* |
| Brian D. Gonzales #29775 | Cole A. Wist, Attorney Reg. 20488 |
| THE LAW OFFICES OF BRIAN D. GONZALES, PLLC | David L. Coats, Attorney Reg. 51561 |
| 2580 East Harmony Road, Suite 201 | SQUIRE PATTON BOGGS (US) LLP |
| Fort Collins, Colorado 80528 | 717 17th Street, Suite 1825 |
| Telephone:  970.214.0562 | Denver, CO 80202 |
| Email: bgonzales@coloradowagelaw.com | Telephone: (303) 830-1776 |
| | Facsimile: (303) 894-9239 |
| | Email: cole.wist@squirepb.com |
| Alexander Hood, Atty Reg. # 42775 | Email: david.coats@squirepb.com |
| HOOD LAW OFFICE, PLLC | |
| PO Box 24753 | Jill S. Kirila |
| Silverthorne, CO 80497 | SQUIRE PATTON BOGGS |
| Telephone: (720) 381-4142 | 2000 Huntington Center |
| Email: Alex@HoodLawPLLC.com | 41 South High Street |
| | Columbus, OH 43215 |
| | Telephone: (614) 365-2700 |
| | Email: jill.kirila@squirepb.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

- 5 -